McDONALD, J.
concurring.
hi reluctantly concur with the majority’s reversal of the trial court’s denial of the LCDA’s Motion for Judgment. Louisiana Revised Statutes Annotated section 13:5122 explicitly provides for a judicial determination of issues relating to bonds to insure their marketability in investment channels. The court is not given the impossible task of determining the marketability of the bonds, but determines issues that affect their marketability. As the astute trial judge pointed out, the City’s 1% sales and use tax has been the subject of litigation for over ten years, and the litigation continues. Serious questions remain regarding whether the City can actually collect the tax. Both the Mayor of St. Gabriel and Tommy LeJeune, an accountant for the City, testified that nothing less than the full 1% of the sales and use tax must be collected by the Collector and remitted to the City, and without the full remittance, the City cannot fund the bond issue. As the majority notes, I dissented in St Gabriel II and still believe there are problems with the ratification of the tax by this court some ten years after it had originally been declared invalid. Regardless, no court “shall invalidate the bonds unless it finds substantial defects, 12material errors and omissions in the incidents of such bond issue.” La.Rev.Stat. Ann. § 13:5130. Both sides agree that there are no defects in the procedure or language or any omissions or material errors in the issuance of the Series 2010 Bond issue. As the majority observes, the revenue stream offered to secure and pay the Series 2010 Bond issue is based on a presently valid and collectible tax, as per this court’s en banc and final decision in St Gabriel II. That is the last judicial pronouncement on the subject. For these reasons, I reluctantly concur.